**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12030

Non-Argument Calendar

_____

LEODAN CRUZ-HERNANDEZ,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A098-948-457

_____

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Leodan Cruz-Hernandez, proceeding pro se, petitions for review of a July 3, 2007, ruling by an immigration judge ("IJ") ordering him removed to Honduras in absentia. The government

moves to dismiss Cruz-Hernandez's petition for review because (1) it is untimely, and (2) Cruz-Hernandez failed to exhaust all available administrative remedies.

The government is correct that Cruz-Hernandez has failed to exhaust all available administrative remedies in connection with the July 3, 2007, removal order. *See* Immigration and Nationality Act ("INA") § 242(d)(1), 8 U.S.C. § 1252(d)(1) (requiring that a non-citizen exhaust all administrative remedies available to him before he may seek review of a removal order in a court of appeals). Cruz-Hernandez did not move to reopen the removal proceedings or appeal the removal order to the Board of Immigration of Appeals ("BIA"), as he was required to do. *See* INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii) (describing procedure for moving to reopen removal proceedings after an in absentia removal order is issued); *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1314-20 (11th Cir. 2022) (reviewing a BIA order affirming an IJ's denial of a motion to reopen challenging an in absentia removal order based on lack of notice).

Because the government raised the exhaustion issue in its motion to dismiss, we must enforce it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416-23 (2023) (holding that § 1252(d)(1)'s exhaustion requirement is a non-jurisdictional claim-processing rule); *Hamer v. Neighborhood Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

25-12030                Opinion of the Court                3

Accordingly, we GRANT the government's motion to dismiss and DISMISS the petition.  All other pending motions are DENIED AS MOOT.